CONTINENTAL SECURITIES CO. v. INTERBOROUGH RAPID TRANSIT CO. et al.

(District Court, S. D. New York. February 27, 1913.)

MONOPOLIES (§ 24*)—STATUTE PROHIBITING—CONSTRUCTION.

The Stock Corporation Law of New York (Laws 1890, c. 564, § 7, amended by Laws 1892. c. 688, § 7, and Laws 1897, c. 384, § 1), which prohibits combinations between corporations or persons for the creation of a monopoly or in restraint or prevention of competition in any necessary of life, is not so clearly applicable to public service corporations, especially in view of a decision of a lower state court to the contrary, and where the Court of Appeals had indicated an approval of the proposition, as to warrant a federal court in granting a preliminary injunction to restrain a corporation from voting stock which it owns in street railroad companies operating competing lines.

[Ed. Note.—For other cases, see Monopolies, Cent. Dig. § 17; Dec. Dig. § 24.*]

In Equity. Suit by the Continental Securities Company against the Interborough Rapid Transit Company and others.

This cause comes here upon motion for a preliminary injunction to restrain the Interborough-Metropolitan Company, one of the defendants which holds stock of the Interborough Rapid Transit Company, from voting on such stock at a stockholders' meeting of the latter company. Denied.

See, also, 183 Fed. 132.

J. Aspinwall Hodge, of New York City, for complainant.
Richard Reid Rogers, of New York City, for defendants.

LACOMBE, Circuit Judge. The foundation of this suit is a statute of the state of New York, known as the Stock Corporation Law, as amended by chapter 688, Laws of 1892, and chapter 384, Laws of 1897. It contains this provision:

"Sec. 7. Combinations Abolished.—No domestic stock corporation and no foreign corporation doing business in this state shall combine with any other corporation or person for the creation of a monopoly or the unlawful restraint of trade or for the prevention of competition in any necessary of life."

It is averred that the acquisition by the Interborough-Metropolitan of the shares of stock in various street railroads in the city of New York is a violation of this provision. If the question came before me as one of novel impression, I should be inclined to hold that the section does not apply to public service corporations, partly because the phrase "any necessary of life" is an inapt description, and also because for a long period of time the Legislature by many different statutes has very clearly indicated that such corporations, notably railroads, formed a class by themselves specifically regulated by legislation, and to which general language such as above quoted would not apply, unless the intention to cover them was very clearly indicated. This same question came before Judge Holt, sitting in this court in July, 1907. Burrows v. Interborough-Metropolitan Co. (C. C.) 156 Fed. 389. He reached a different conclusion. If this were all, I should, after recording my dissent from his conclusion and indicating fully the grounds thereof, follow his opinion as the law of this case, because, although there is a different plaintiff, the subject-matter is identical. Subsequent, however, to his decision, the same question as to construction of this statute came before the Appellate Division (First Department) of the Supreme Court of the state in Attorney General v. Consolidated Gas Co., 124 App. Div. 401, 108 N. Y. Supp. 823, February, 1908, and in Attorney General v. Interborough-Metropolitan Co., 125 App. Div. 804, 110 N. Y. Supp. 186, May, 1908; the latter case involving the very acquisition of stock here complained of. That court held that section 7 above quoted did not apply to railroads. Subsequently, on demurrer to the bill in this case, the same question came before Judge Ray, sitting in this district, Continental Securities Co. v. Interborough-Metropolitan Co. (C. C.) 165 Fed. 945, December, 1908. Having before him the two conflicting opinions above referred to, he followed that of the court in which he sat, instead of that of the state Supreme Court, which was not the court of last resort.

Since then in People ex rel. Edison Co. v. Wilcox, 207 N. Y. 86, 100 N. E. 705, the Court of Appeals has indicated that it approves the proposition that corporations occupying through special consents or franchises the public streets and places and supplying the public with their utilities are a class by themselves to which the ordinary policy of the state with regard to unrestricted competition does not apply. With this indication as to what may be expected to be the decision of the court of last resort when the question how section 7 is to be construed may come before it, it seems that an injunction of the sort now asked for, which is not of right, but rests in the discretion of the court, which is asked to issue it, should not be granted.

The motion is denied.